## PALLETT *v.* KINGS COUNTY EL. RY. CO.

*(Supreme Court, General Term, Second Department. July 18, 1890.)*

ELEVATED ROADS.—CONTRIBUTORY NEGLIGENCE.

In an action against an elevated railway company for the wrongful death of a painter who was engaged in painting the superstructure when struck by a passing train and killed, it appeared that deceased was in the employ of a company which did the painting, and that he could see an approaching train from where he was at work, and that he was not seen by the engineer or any one on the train. *Held*, that there could be no recovery.

On exceptions from circuit court, Kings county.

Action by Absalom Pallett, as administrator of Joseph A. Pallett, against the Kings County Elevated Railway Company, for the wrongful death of deceased. Complaint dismissed. Plaintiff excepts.

Argued before BARNARD, P. J., and PRATT and DYKMAN, JJ.

*Wm. J. Gaynor*, for plaintiff. *Tracy, MacFarland, Ivins, Boardman & Platt*, for defendant.

DYKMAN, J. We find nothing in this case to justify a recovery. The deceased was in the employ of a company engaged in painting the superstruct-

ure, and, if he was lawfully upon the track, the defendant owed him no duty, and was under no obligation to regulate the operation of its trains with reference to his presence. The testimony fails to convict the engineer of any failure in duty after the discovery of the deceased upon the track, and in fact there is no proof that he was seen by any person upon the train until he was struck, while it plainly appears that the deceased could see the train for a considerable distance from where he was struck. He was upon a railroad track, and was bound to know that a train might run over it at any time. Other persons upon or around the track made their escape from the incoming train with safety, and it is not apparent why he did not do so likewise. The exceptions cannot therefore be sustained, and the defendant must have judgment dismissing the complaint, with costs.